UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

WILLOW WIND ORGANIC FARMS, INC., et al.,

    Plaintiffs,

  v.

KENYON ZERO STORAGE, INC.,

    Defendant.

No. CV-04-155-FVS

ORDER

  **THIS MATTER** came before the Court on October 14, 2005, based upon "Defendant Kenyon's First Motion for Partial Summary Judgment Dismissing Certain Claims" and "Plaintiffs' Objection to Oral Argument by Lane Powell."  The defendant was represented by Joseph E. Lynam; the plaintiffs by C. Matthew Andersen.

  **BACKGROUND**

  The Court has reviewed the evidence that has been submitted by the parties.  This order refers only to those parts of the record that are implicated by "Defendant Kenyon's First Motion for Partial Summary Judgment Dismissing Certain Claims."

  **ALLEGED PROMISE TO GUARANTEE**

  Willow Wind Organic Farms, Inc., Grandview Frozen Foods, Inc., Roy Steven Walser and Margaret Walser (hereinafter "the plaintiffs") allege that Kenyon Zero Storage, Inc., orally promised to guarantee a line of credit.  Kenyon argues the promise is unenforceable because, under the State of Washington's statute of frauds, "every special promise to answer for the debt . . . of another person" must be

ORDER - 1

reduced to writing.  RCW 19.36.010.  This argument is unpersuasive. Commentators agree that "[a] contract to discharge a duty owed by the promisee to a third person is not within the Statute of Frauds as a contract to answer for the duty of another."  Restatement (Second) of Contracts § 123 (1981).  *See also* 9 Samuel Williston & Richard A. Lord, *A Treatise on the Law of Contracts* § 22:3, at 233 (4th ed.1999) ("the Statute of Frauds has been confined to promises made to the creditor"); 4 Caroline N. Brown, *Corbin on Contracts* § 15.2 (Joseph M. Perillo ed., Revised ed.1997) ("If the promise to pay or otherwise answer for another's debt or default to a third person is made to the debtor rather than to the creditor, it is not within the statute.")  This principle was endorsed by the Supreme Court of the State of Washington in an early decision.  *Handsaker v. Pedersen*, 71 Wash. 218, 224, 128 P. 230 (1912) (an oral promise by one party to a debt to another party to the debt to hold the other party harmless did not constitute a promise to pay the debt of another).  In view of the preceding authorities, it is significant that it was to Mr. Walser (as opposed to, say, a bank) that Kenyon allegedly made the promise to guarantee a line of credit.  Since Kenyon allegedly contracted with Mr. Walser to guarantee an obligation that Walser might one day owe to a creditor, the alleged contract between Kenyon and Walser is not within the statute of frauds.

**NATURE OF PLAINTIFFS' SEVENTH CLAIM FOR RELIEF**

The plaintiffs' Seventh Claim for Relief is entitled "Intentional/Negligent Misrepresentation."  Paragraph 10.2 alleges, "During the course of the parties' business relationship, Kenyon made numerous representations regarding its intention to participate, on an equity basis, in Willow Wind and of its intention to assist Willow Wind, Grandview, and Walser in obtaining adequate operating funding." (Complaint, at 24.)  During May or June of 2004, Kenyon served a separate set of interrogatories upon each of the plaintiffs.  Each

ORDER - 2

set of interrogatories appears to be the same.  The set of interrogatories that Kenyon served upon Willow Wind is entitled "Defendant's First Interrogatories to Plaintiff Willow Wind Organic Farms, Inc."  Interrogatory No. 3 asked Willow Wind to identify all of the representations upon which it is relying to establish that Kenyon promised to provide equity funding.  Willow Wind responded during August of 2004.  The only representations explicitly identified by Willow Wind are ones that allegedly were made at the January dinner and the January board meeting.  Although Willow Wind's answer goes on to describe statements that allegedly were made after the January board meeting, these cannot fairly be characterized as representations regarding equity funding.  Given the plaintiffs' response to Interrogatory No. 3, Kenyon reasonably assumed the plaintiffs' Seventh Claim for Relief is a claim for intentional misrepresentation and that it is based upon promises which Kenyon's representatives allegedly made during January of 2003.

A claim of intentional misrepresentation requires clear, cogent and convincing proof that the defendant misrepresented an existing material fact.  *See Beckendorf v. Beckendorf*, 76 Wn.2d 457, 462, 457 P.2d 603 (1969).  Typically, a person's promise to do something in the future cannot be either true or false at the time the promise is made.  *Shook v. Scott*, 56 Wn.2d 351, 356, 353 P.2d 431 (1960) (internal punctuation and citations omitted).  Consequently, as a general rule, a plaintiff cannot bring a claim of intentional misrepresentation based upon the defendant's failure to perform some act the defendant previously promised to perform.  However, there is an exception to this rule.  A person who makes a promise with no intention of keeping it is said to be misrepresenting an existing fact -- *i.e.*, his state of mind -- and, thus, his misrepresentation will give rise to a claim for fraud.  *Beckendorf*, 76 Wn.2d at 462-63. *See also Markov v. ABC Transfer & Storage Co.*, 76 Wn.2d 388, 395, 457

ORDER - 3

P.2d 535 (1969) ("if a promise is made for the purpose of deceiving and with no intention to perform, it constitutes such fraud as will support an action for deceit").

Believing, as Kenyon did, that the plaintiffs' Seventh Claim for Relief is a claim for intentional misrepresentation, Kenyon moved for partial summary judgment on August 26, 2005.  According to Kenyon, the Court should dismiss the plaintiffs' Seventh Claim because, during Mr. Walsers' deposition, the plaintiffs stipulated that they lack evidence that Kenyon never intended to perform the promises Kenyon allegedly made during January of 2003.

The plaintiffs seemed to accept Kenyon's characterization of their Seventh Claim for Relief; *viz.*, that the plaintiffs are alleging intentional misrepresentation.  Moreover, they seemed to acknowledge that they bear the burden of proving Kenyon never had any intention of performing the promises its representatives allegedly made.  In view of the plaintiffs' response to Kenyon's motion, it appeared they were resisting summary judgment on essentially two grounds.  For one thing, they denied stipulating they lack evidence that Kenyon never intended to perform the disputed promises.  For another thing, they said Kenyon had misstated the factual basis of the claim.  They said they were not relying exclusively upon the January representations; they said they also were relying upon the representations leading up to the "bridge" loan.

At oral argument, the plaintiffs' interpretation of their Seventh Claim for Relief appeared to change significantly.  Instead of being a claim for intentional misrepresentation, said the plaintiffs, the Seventh Claim for Relief actually is a claim for negligent misrepresentation.  Furthermore, instead of being a claim that is based upon representations allegedly made during January of 2003, the claim is based upon a representation that allegedly was made during April or May.  According to the plaintiffs, Kenyon's

ORDER - 4

representatives told them, "When the ProFac litigation goes away, we will invest in Willow Wind."

Kenyon strenuously objects to the plaintiffs' apparently new interpretation of their Seventh Claim for Relief. Kenyon argues that the plaintiffs are bound by their answer to Interrogatory No. 3. At this juncture, it is unclear whether Kenyon is correct. Preliminary research suggests that a party ordinarily is not bound by its answer to an interrogatory. *See Donovan v. Crisostomo*, 689 F.2d 869, 875 (9th Cir.1982); *Victory Carriers, Inc. v. Stockton Stevedoring Co.*, 388 F.2d 955, 959 (9th Cir. 1968); 8A Charles A. Wright, Arthur R. Miller & Richard Marcus, *Federal Practice and Procedure* § 2181 (2nd Ed.1994). This does not mean the plaintiffs are free to ignore the answer they gave to Interrogatory No. 3. A party has a duty to supplement its discovery responses. Fed.R.Civ.P. 26(e)(2). To date, the plaintiffs have not supplemented their answer to Interrogatory No. 3.

Where does this leave matters? As things now stand, Kenyon is moving to dismiss a claim the plaintiffs deny they are asserting. Furthermore, neither side has discussed the claim the plaintiffs insist they are asserting. This places everyone in an awkward position. The Court could rule that the plaintiffs are bound by the answer they provided to Interrogatory No. 3. In that case, the Court would dismiss the plaintiffs' Seventh Claim for Relief on the ground they have abandoned any claim for intentional misrepresentation and it is too late to bring a claim for negligent misrepresentation. Alternatively, the Court could allow the plaintiffs to supplement their answer to Interrogatory No. 3 (a thing which they have not sought leave to do). This would dramatically change the scope of the plaintiffs' Seventh Claim for Relief and would cause prejudice to Kenyon unless the Court extends both the discovery cutoff and the dispositive motion deadline.

ORDER - 5

As it turns out, Kenyon is seeking a continuance of the trial date. Given the Court's schedule, the continuance is likely to be significant. Consequently, the Court is inclined to grant Kenyon's request, and, at the same time, extend both the discovery cutoff and the dispositive motion deadline. This would allow time for the following: the plaintiffs to supplement their discovery responses; Kenyon to arrange for representation by new counsel; and both sides to complete discovery and file such dispositive motions as they deem appropriate.

**IT IS HEREBY ORDERED:**

1. "Defendant Kenyon's First Motion for Partial Summary Judgment Dismissing Certain Claims" (Ct. Rec. 56) is denied.

2. "Plaintiffs' Objection to Oral Argument by Lane Powell" (Ct. Rec. 79) is denied. Provided, Kenyon must promptly arrange for representation by new counsel.

**IT IS SO ORDERED.** The District Court Executive is hereby directed to enter this order and furnish copies to counsel.

**DATED** this ___18th___ day of October, 2005.

                                  ___s/ Fred Van Sickle___
                                      Fred Van Sickle
                              United States District Judge